IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| DANIEL W. HILL, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. 20-cv-03609-LKG |
| v. ) | |
| ) | Dated:  January 13, 2022 |
| MARYLAND PAROLE COMMISSION, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Self-represented petitioner Daniel W. Hill, a Maryland inmate incarcerated at Maryland Correctional Institution-Jessup ("MCIJ") filed the instant case stating that he contracted COVID-19 and thereafter was recommended by his medical providers for compassionate release/medical parole. ECF No. 1.[1] The request for release, however, was denied by the Maryland Parole Commission. *Id*. Hill alleges that the denial of parole was intended to "inflict further punishment on [him]. . . ." *Id*. at 3. As relief, Hill seeks to be released from confinement to medical parole/compassionate release. *Id*. at 4. The Court directed that the case be docketed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and directed respondent to respond to the petition. ECF No. 5.

Respondent filed an answer seeking dismissal of the petition. ECF No. 12. Hill filed a response to the answer. ECF No. 22. No hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). For the reasons that follow, the petition shall be **DENIED**, and a certificate of appealability shall not issue.

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files (CM-ECF) system.

I.  **BACKGROUND**

    A.  **Procedural Background**

Hill is serving a life sentence for first-degree murder.  ECF No. 12-2, ¶ 4; ECF No. 12-3; ECF No. 12-13.  In 2020, Hill contracted COVID-19 for which he was hospitalized and from which he continues to suffer multiple health issues.  ECF No. 1 at 2-3.  Hill's medical providers recommended him for medical parole, but the Maryland Parole Commission denied the request, finding that Hill did not meet the statutory criteria for medical parole.  ECF No. 12-2, ¶¶ 6, 7; ECF No. 12-7; ECF No. 12-8; ECF No. 14.

Hill has not filed a petition for habeas corpus or any other action in Maryland state court concerning the Maryland Parole Commission's denial of medical parole.  ECF No. 12-2, ¶ 10; ECF No. 12-12.

On October 1, 2020, Hill filed a motion for compassionate release in his criminal case in the Circuit Court for Charles County, which was denied on December 22, 2020.  ECF No. 12-13 at 12; ECF No. 12-14; ECF No. 12-17; ECF No. 17.  Hill did not, however, appeal the denial of his motion (ECF No. 12-13 at 12) and the time for doing so has expired.  *See* Md. Rule 8-202(a) (providing an appeal must be filed within 30 days of the entry of the order form which the appeal is sought).  Hill does not dispute that he failed to note an appeal.  ECF No. 22 at 2.

    B.  **Pending Motions**

Hill has filed an "Omnibus Pro-Se Motion in Support to Demand Jury Trial and Trial by Consent for 'Magistrate Judge.'"  ECF No. 6.  Because, for the reasons that follow, the case is dismissed, the motion is denied as moot.

Respondent's motion to seal (ECF No. 13), Hill's medical records attached as exhibits to their answer, unopposed by Hill, is granted.

Hill filed a motion for leave to file an amended complaint (ECF No. 18) which is opposed by respondent (ECF No. 19) and which was subsequently withdrawn by Hill (ECF No. 23).  As such, the motion for leave to file an amended complaint (ECF No. 18) is denied.

Hill's motion to consolidate this case with civil action No. PX-21-1096 (ECF No. 23), opposed by respondent (ECF No. 24), is also denied.  The claims in the two cases are unrelated.  As noted, this case concerns Hill's disagreement with the denial of medical

2

parole/compassionate release, whereas the claims raised by Hill in Civil Action No. PX-21-1096 attacked the validity of his underlying conviction. Additionally, Civil Action No. PX-21-1096 was dismissed on July 9, 2021 and the case closed. Accordingly, consolidation of the two cases is not appropriate and the motion is denied.

## II.     STANDARD OF REVIEW

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254(d) sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard is "difficult to meet" and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall*, 572 U.S.415, 419-20 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.")). Absent a violation of constitutional rights or federal law, a federal habeas petitioner fails to state a cognizable claim for relief. *See Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) (holding that courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law); *Spencer v. Murray*, 18 F.3d 267 239-40 (4th Cir. 1995) (holding that, where petitioner alleged error in admissibility of evidence, without reference to any constitutional right infringed, petitioner failed to state a claim).

## III.    DISCUSSION

To the extent he seeks an order requiring his release from detention, Hill's petition involves questions of state law only and is also subject to the exhaustion requirement of 28 U.S.C. § 2254(b). Thus, before filing a federal habeas petition, Hill must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), cert. denied, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals.

3

*See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987).  The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Respondent asserts that Hill has not filed a habeas corpus petition in state court regarding the denial of medical parole and failed to appeal the denial of his request for compassionate release.  Hill does not dispute these assertions.  The claim is therefore unexhausted, and the petition must be dismissed without prejudice.

Even if Hill had exhausted his state court remedies, his petition raises claims that concern matters of state law and therefore does not state a cognizable basis for federal habeas relief.

The Constitution itself does not create a protected liberty interest in the expectation of early release on parole.  *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U.S. 14, 19-20 (1981) (emphasizing mutually explicit understanding that inmate would be paroled does not create liberty interest).  "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz,* 442 U.S. at 7.  "It is therefore axiomatic that because . . . prisoners have no protected liberty interest in parole they cannot mount a challenge against a state parole review procedure on procedural (or substantive) Due Process grounds."  *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).  Thus, Hill's contention, liberally construed, that denying him release on parole, whether administrative or otherwise, violated his Fourteenth Amendment right to due process, is without merit.  Even if there had been a violation of state law, such an alleged violation, without more, does not present a federal claim for habeas relief.  The petition must therefore be denied.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  To obtain a certificate of appealability, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's

underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Hill has not made the requisite showing. Accordingly, the Court declines to issue a certificate of appealability. Hill may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**V.    CONCLUSION**

In light of the foregoing, it is this 13th day of January, 2022, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. Petitioner's motion in support to demand jury trial (ECF No. 6) is **DENIED**;

2. Respondent's motion to seal (ECF No. 13) is **GRANTED**;

3. Petitioner's motion for leave to file an amended complaint (ECF No. 18) is **DENIED**;

4. Petitioner's motion to withdraw leave to file an amended complaint (ECF No. 23) is **GRANTED**;

5. Petitioner's motion to consolidate and merge civil action No. PX-21-1096 and LKG 20-3609 (ECF No. 23) is **DENIED**;

6. The petition for writ of habeas corpus is **DENIED** and **DISMISSED**;

7. The Court declines to issue a Certificate of Appealability;

8. The Clerk shall **CLOSE** this case; and

9. The Clerk shall send a copy of this Memorandum Opinion and Order to Hill and to counsel for respondent.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge